1

2

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**

9            **EASTERN DISTRICT OF CALIFORNIA**

10

11   MARCUS ROBERSON,                     )   Case No.: 1:12-cv-01074-JLT
                                          )
12              Petitioner,               )   ORDER DENYING PETITIONER'S COMBINED
                                          )   MOTION TO VACATE  THE JUDGMENT AND
13        v.                              )   TO STRIKE THE JUDGMENT (Doc. 19)
                                          )
14   PAUL COPENHAVEN,                     )   ORDER DENYING PETITIONER'S MOTION
                                          )   FOR BAIL (Doc. 19)
15              Respondent.               )
     _____)
16

17          Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas

18   corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of the Magistrate

19   Judge for all purposes.

20                          **PROCEDURAL HISTORY**

21          The instant petition was filed on July 2, 2012.  (Doc. 1).  On September 13, 2012, Respondent

22   filed a motion to dismiss the petition.  (Doc. 12).  Petitioner filed an opposition on October 25, 2012.

23   (Doc. 15).  On May 17, 2013, Respondent filed supplementary documents for the motion to dismiss.

24   (Doc. 16).  On May 23, 2013, the Magistrate Judge issued an order granting Respondent's motion and

25   to dismissing the petition.  (Doc. 17).  Judgment was entered on May 23, 2013.  (Doc. 18).  On June

26   17, 2013, Petitioner filed the instant motion for reconsideration and to set aside judgment.  (Doc. 19).

27   The filing also requested that the Court grant bail for Petitioner.  (Id.).

28

                                          1

## DISCUSSION

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).  A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Here, Petitioner failed to the requirements for granting a motion for reconsideration: He has not shown "mistake, inadvertence, surprise, or excusable neglect;" he has certainly not shown the existence of either newly discovered evidence or fraud; he has not established that the judgment is either void or satisfied; and, finally, Petitioner has not presented any other reasons justifying relief from judgment. Moreover, pursuant to the Court's Local Rules, Petitioner has not shown "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Local Rule 230(j). (Emphasis supplied).   Instead, Petitioner makes the same arguments as he has raised repeatedly throughout these proceedings.  In sum, Petitioner has provided no evidence or circumstances that would satisfy the requirements of Rule 60(b), and therefore his motion for reconsideration must be denied.

The Ninth Circuit has not yet determined whether the district court has the authority to release a state prisoner on bail pending resolution of a habeas proceeding.  In re Roe, 257 F.3d 1077, 1079-

1080 (9th Cir. 2001.)  However, even assuming a district court has this power, the exercise of such authority is reserved for extraordinary cases.  Id., 257 F.3d at 1080; see also United States v. Mett, 41 F.3d 1281, 1282 (9th Cir. 1994) (bail pending the resolution of a habeas corpus petition filed in a district court is reserved to "extraordinary cases involving special circumstances" and where there is a high probability of the petitioner's success).  A petitioner must demonstrate some circumstance that makes him exceptional and especially deserving of such special treatment in the interests of justice. See Aronson v. May, 85 S.Ct. 3, 5 (1964) (Douglas, Justice, in chambers); Benson v. California, 328 F.2d 159, 162 (9th Cir. 1964).  In addition to these factors, the Court must take into consideration the petitioner's risk of flight and the danger to the community should he be released.  See Marino v. Vasquez, 812 F.2d 499, 508-09 (9th Cir. 1987).  The Ninth Circuit Court of Appeals has indicated that "even if we found that the allegations in his petition for habeas corpus made out a clear case for his release...[,] [s]omething more than that is required before we would be justified in granting bail." Benson v. California, 328 F.2d 159, 162 (9th Cir. 1964).

Here, Petitioner has failed to show a "high probability" of success.  Indeed, the Court has already concluded that Petitioner's claim lacks merit.  Moreover, Petitioner has not presented any additional factors that would justify the extraordinary decision to grant bail.  Accordingly, the Court will deny Petitioner's bail request.

## ORDER

Accordingly, it is HEREBY ORDERED as follows:

1.      Petitioner's motion for reconsideration (Doc. 19), is DENIED; and,

2.      Petitioner's motion for release on bail (Doc. 19), is DENIED

IT IS SO ORDERED.

Dated:   **November 22, 2013**                    **/s/ Jennifer L. Thurston**
                                                UNITED STATES MAGISTRATE JUDGE

3